IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. SAG-20-0369 |
| | * | |
| | * | |
| DAMILOLA LAWAL | * | |
| | ******* | |

## MEMORANDUM AND ORDER

On October 27, 2020, a grand jury returned an indictment against Damilola Lawal and others for wire fraud and conspiracy to commit wire fraud. ECF 1. Currently pending is Lawal's Motion for Review and Reconsideration of an order of detention ("the Motion"), ECF 64, which appeals the detention order issued by United States Magistrate Judge Thomas M. DiGirolamo on November 13, 2020, ECF 29. This Court has reviewed the briefing submitted by the parties, ECF 64, 67, along with the pre-trial services report and supplement, and has listened to the full recording of the lengthy detention hearing before Judge DiGirolamo. No further hearing is necessary to resolve this Motion. *See* Loc. R. 105.6 (D. Md. 2018); *see also United States v. Martin,* Crim. No. PWG-19-140, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020) (finding "ample authority for the conclusion that the Court may decide the [appeal of detention] on the filings . . . as opposed to a hearing."). For the reasons that follow, Lawal's Motion will be denied.

**I.      Standard of Review**

Pretrial detention and release are governed by the Bail Reform Act ("BRA"), 18 U.S.C. §§ 3141, *et seq.* The government is permitted to seek pretrial detention of a defendant who poses a serious risk of flight. *Id.* § 3142(f)(2(A). The BRA instructs the Court to seek "the least restrictive further condition or conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.*

§ 3142(c)(1)(B).  However, if the Court finds after the hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court "shall order the detention of the person before trial." *Id.* § 3142(e)(1).  Where, as here, a detention ruling is based on a defendant's risk of nonappearance, the Court must make the detention finding by a preponderance of the evidence. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam) ("With regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings.) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.1985); *see also United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir.1985)).

The BRA permits a defendant who is ordered detained by a magistrate judge to "file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order," which "shall be determined promptly." *Id.* § 3145(b).  The district judge must review the detention issue *de novo* "and must make an independent determination of the proper pretrial detention or conditions of release." *Stewart,* 19 F. App'x at 48.

**II.     Analysis**

Lawal asks this Court to review Judge DiGirolamo's order of detention, and this Court will therefore engage in a *de novo* review of his determinations.  After review of the relevant factors, this Court finds by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Lawal's appearance in Court.

Lawal is a Nigerian citizen, has extensive family ties to Nigeria, and owns property there.  He is alleged to have participated in an extensive fraud scheme involving the use of false identification information, including false passports.  The evidence of Lawal's participation in the

scheme is extremely strong, including a series of WhatsApp messages clearly illustrating his role. The fraud offenses charged in the indictment involve more than a half-million dollars in illicit proceeds, and most of those funds have not been located, meaning that they could be available for Lawal's use if he absconds. Lawal is facing a lengthy federal sentence, providing a powerful incentive to flee. Most importantly, based on the information provided by the Government at the detention hearing and in its memorandum, ECF 67 at 9-11, it appears that Lawal provided false information to immigration authorities and to Pretrial Services about his residence and his marital status. He told Pretrial Services in November, 2020, that he had lived at Vargis Circle with his sister and her children since November 2019, and had lived on Tilden Lane in New York for two previous years. In contrast, he told immigration authorities, in March, 2020, that his current address was on Tilden Street in New York. Moreover, the female resident of Vargis Circle, Aminat Lawal, appears from Nigerian divorce paperwork to be Lawal's ex-wife, not his sister, and the children living at that residence appear to be their shared children. Lawal's current proposed third-party custodian confirmed that he had been living in Maryland with his wife and children, not his sister and her children as he had told Pretrial. Additionally, Lawal's cell phone records (specifically cell site information) and lease records indicate that Lawal and his children were living on Rudisill Court in the Milford Mills area of Maryland before November, 2019, and not in New York as Lawal had reported to Pretrial. A lack of candor with those who would be supervising his release conditions weighs heavily against his release.

Accordingly, there is no condition or combination of conditions to reasonably assure Lawal's appearance in Court. Neither electronic monitoring nor the posting of property or a monetary bond can guarantee a defendant's appearance, particularly where the defendant has the

apparent means to flee, the connections with a foreign country to facilitate his flight, and the willingness to be untruthful with his supervising agents.

The Court also concludes that Lawal poses an ongoing economic danger to the community as a result of the significant fraud scheme he furthered. The conduct Lawal engaged in is the type of conduct that could be conducted in one's home, and conditions of release prohibiting computer or internet usage are notoriously difficult to enforce. Again, given Lawal's lack of candor with Pretrial Services, he simply cannot be trusted to comply with such release conditions, and this Court is left without adequate conditions to reasonably assure community safety.

This Court recognizes the arguments Lawal's counsel made at the hearing regarding the difficulties of communicating with his client during the pandemic while he is incarcerated. Although the Court is cognizant of the significant difficulties incarcerated defendants are experiencing during the pandemic, it is not at liberty to disregard the statutory factors it is charged with weighing in determining the propriety of Lawal's release. COVID-19 vaccines are now widely available, including to the pre-trial detainees at the detention center, and this Court is hopeful that those who have availed themselves of vaccination will soon be able to return to pre-pandemic means of communication with their counsel.

**CONCLUSION**

For the reasons stated herein, Lawal's Motion for Reconsideration of Pretrial Detention, ECF 64, is **DENIED**.

Dated: April 23, 2021                                                                /s/
                                                                                    Stephanie A. Gallagher
                                                                                    United States District Judge