IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **DAMILOLA LAWAL,** | * | Criminal No. SAG-20-0369 |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Damilola Lawal, who is presently in Bureau of Prisons ("BOP") custody serving a sentence of 46 months' incarceration, filed a Motion for Compassionate Release. ECF 152. The Government filed an opposition, ECF 157, and Lawal filed a reply, ECF 158. Having considered the filings, this Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Lawal's Motion will be DENIED.

**I.   FACTUAL BACKGROUND**

Lawal was convicted of a wire fraud conspiracy resulting in loss valued between $550,000 and $1,500,000. ECF 88 at 4-5. The complex scheme led to Lawal's agreed sentencing enhancements for ten or more victims, use of sophisticated means, and possession or use of an authentication feature. *Id.* After considering all of the relevant factors, this Court imposed a sentence of 46 months' incarceration less than a year ago, in August of 2022. ECF 135. As of that time, Lawal had served approximately 22 months in pretrial detention. *Id*. at 2. According to the BOP's inmate locator, Lawal's current expected release date is in about five months, on November 26, 2023. Lawal now seeks a reduction of his sentence to time served. ECF 158 at 3.

**II.     ANALYSIS**

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by the BOP, the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." *Id*. § 603(b)(1).  Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier.[1] *Id.* Once a motion for compassionate release is properly filed, the Court (1) determines whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release and (2) considers whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

   a.  **Extraordinary and Compelling Circumstances**

To meet the first element for consideration under the First Step Act, then, Lawal needs to demonstrate extraordinary and compelling circumstances. Lawal suggests a number of reasons: (1) his medical condition and COVID-19 concerns; (2) conditions of his pretrial detention; (3) rehabilitation; and (4) adverse effects of his incarceration on his family circumstances. *See* ECF 152. None of those factors individually, or when taken in combination, amounts to extraordinary and compelling circumstances.

---

[1] The Government does not contest that this administrative prerequisite has been satisfied.

`

Taking each in turn, Lawal contends that he presently suffers from significant breathing issues that put him at greater risk from COVID-19 infection. Certainly, an inmate's particularly acute risk of COVID-19 complications has been deemed to be an extraordinary and compelling reason in certain cases, particularly earlier in the pandemic. While Lawal does have asthma and an albuterol inhaler, his condition appears to be well-controlled and his use of the inhaler is only as needed, not daily. *See* ECF 157-1 at 1-2. Lawal has been vaccinated against COVID-19, and Paxlovid and other medications are now available to lessen any person's chance of serious illness and death from the virus. This Court cannot therefore conclude that the pandemic creates an extraordinary and compelling reason warranting further consideration of Lawal's release, despite his asthma.

Lawal also argues that the harsh conditions of his pretrial detention warrant a sentencing reduction. Those conditions were known to the Court and were taken into account at the time of Lawal's original sentencing in August, 2022. They provide no basis for a further sentencing reduction now, and do not constitute an extraordinary or compelling reason to reduce his sentence.

Third, Lawal argues that his rehabilitation warrants a reduced sentence, citing classes and programming he has taken at the BOP along with some profound changes in his thought process and recognition of the harm he inflicted on victims. Rehabilitation alone is not an extraordinary and compelling reason justifying compassionate release. *See* 28 U.S.C. § 994(t). While this Court commends Lawal on the efforts he has made and on his apparent realization regarding the error of his ways, he is evidencing precisely the type of rehabilitation the BOP expects its inmates to undergo. These changes are expected, not extraordinary.

Finally, Lawal cites the collateral consequences to his family stemming from his incarceration. It is common that the family of an incarcerated defendant suffers financial and

`

emotional harm from the family member's prolonged absence. While the situation is highly unfortunate, it too is not extraordinary.

This Court has considered all of the factors above, both individually and in combination, and has determined that they are not extraordinary and compelling. Specifically, because this Court finds each factor merits no weight, even considering them in combination does not bring them to an "extraordinary and compelling" level. Accordingly, Lawal is ineligible for further consideration of compassionate release.

### b. § 3553(a) Factors

Even had Lawal established an extraordinary and compelling reason entitling him to further consideration, 18 U.S.C. § 3553(a) prescribes the factors the Court must assess in determining whether it should reduce a defendant's sentence. *See United States v. Decator*, 452 F. Supp. 3d 320, 325 (D. Md. 2020); *United States v. Logan*, Crim. No. CCB-10-0203, 2019 WL 3391618, at *1 (D. Md. July 26, 2019). Those factors include (1) "the nature and circumstances of the offense;" (2) "the history and characteristics of the defendant;" (3) "the need . . . to protect the public from further crimes of the defendant;" and (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Of course, these are the same factors this Court considered less than a year ago in deciding which sentence to impose. This Court does not believe any of the factors have changed materially from the time of that analysis. In particular, this Court notes that it gave careful consideration in this case to the relative culpability of the various defendants, selecting sentences that place each defendant in the appropriate place along a sliding scale. An adjustment to Lawal's sentence would disturb that intentionally crafted balance.

In total, then, the § 3553(a) factors weigh against reducing Lawal's sentence, even assuming he had been able to demonstrate the extraordinary and compelling reason needed to trigger such analysis.

## III.   CONCLUSION

After considering all of the relevant factors, this Court concludes that Lawal has not established an extraordinary and compelling reason to justify his release, and that even if he had, his current sentence is most appropriate to accomplish the objectives described in 18 U.S.C. § 3553(a). Accordingly, Lawal's Motion for Compassionate Release, ECF 152, is DENIED.

A separate Order will issue.


DATED: June 22, 2023                                    /s/
                                              Stephanie A. Gallagher
                                              United States District Judge